1977

COUNCIL OF CO-OWNERS OF FOREST BEACH VILLAS HORIZON-TAL PROPERTY REGIME, Appellant v. M. Daniel SMITH, a/k/a Dan T. Smith and a/k/a Daniel Arthur Smith; Lifeco Services Corporation; South Carolina Tax Commission; Arthur Leaman, d/b/a The Golden Lemon; Amberly Limited, d/b/a The Copper and Lumber Store Hotel; Antilles Management Company, d/b/a Point Pirouette Villa Hotels; Cane Bay Corporation, d/b/a Cane Bay Plantation; John A. Silander, d/b/a The Waves at Cane Bay; Ralph Locke Highland, Inc.; Vivian Pisciotta; Partridge Place Associates; and The Internal Revenue Service; Sanwa Business Credit Corporation; Wauconda National Bank and Trust Company; and Deerfield Federal Savings and Loan Assoc., Respondents.

(428 S.E. (2d) 745)

Court of Appeals

*Donald E. Rowell,* of *McNair Law Firm,* Hilton Head, *for appellant.*

*Brian C. Pitts,* of *Bowen & Smoot,* Hilton Head; *Arlene D. Hand,* of the *Office of the Atty. Gen., Julio E. Mendoza, Jr.,* of *Robinson, Mendoza, Barton & McCarthy; R. Bentz Kirby,* of *Turner, Padget, Graham & Laney;* and *Asst. U.S. Atty. Marvin J. Caughman,* Columbia, *Richard E. Miley* and *Ziva P. Bruckner,* of *Nixon, Yow, Waller & Capers,* Augusta, GA, *Neal J. Quirk,* of *Quirk & Ashenden,* Atlanta, GA, and *William R. Reiss,* Houston, TX, *for respondents.*

Submitted Nov. 30, 1992; Decided March 22, 1993.

Reh. Den. April 22, 1993.

GOOLSBY, Judge:

The issue presented in this appeal by the Council of Co-Owners of Forest Beach Villas Horizontal Property Regime in this foreclosure action brought by it against M. Daniel Smith and others is whether a purchaser of a condominium apartment at a foreclosure sale in an action brought to foreclose a lien for unpaid assessments is jointly and severally liable for assessments arising prior to the purchaser's taking title at the foreclosure sale.

The Council of Co-Owners brought this action to foreclose its lien for unpaid assessments against Smith, the owner of an apartment at Forest Beach Villas. The respondent Arthur Leaman and the other respondent creditors who held a judgment lien that had been duly recorded prior to the Council of Co-Owners' lien counterclaimed, asserting that their lien constituted a first lien on the subject property.

The circuit court granted Leaman's motions for default judgment and summary judgment and issued an order of foreclosure and sale. Its order indicated that the purchaser at the foreclosure sale would not be liable for past-due sums assessed by the Council of Co-Owners. The Council of Co-Owners contends this was error, pointing to S.C. Code Ann. §§ 27-

31-210(b)[1] and 27-31-220[2] (1991). It asserts the only purchasers excluded from joint and several liability are purchasers at foreclosure sales brought by a mortgagee of any mortgage of record.

Although § 27-31-210(b) refers only to a purchaser at a foreclosure sale brought by a mortgagee of any mortgage of record, our inquiry does not stop there. Section 27-31-210(a)[3] must also be considered. *See Columbia Gaslight Co. v. Mobley,* 139 S.C. 107, 137 S.E. 211 (1927) (separate statutes relating to the same subject matter must be construed together and effect given to each). The section expressly allows a lien for unpaid assessments "[to] be foreclosed by suit ... in like manner as a mortgage of real property." That is precisely what occurred here. The Council of Co-Owners foreclosed its lien by suit as though its lien were "a mortgage of real property." Because the lien here was foreclosed by suit "in like manner as a mortgage of real property," the purchaser of the apartment at the sale ordered by the circuit court enjoys the same protection that would have been afforded a purchaser thereof had the foreclosure sale been one as described in § 27-

---

[1] Section 27-31-210(b) provides in part:

Where the mortgagee of any mortgage of record or other purchaser of an apartment obtains title at the foreclosure sale of such a mortgage, such acquirer of title ... shall not be liable for the share of the common expenses or assessments by the co-owners chargeable to such apartment accruing after the date of recording such mortgage but prior to the acquisition of title to such apartment by such acquirer. Such unpaid share of common expenses or assessments shall be deemed to the common expenses collectible from all of the apartment owners, including such acquirer. ...

[2] Section 27-31-220 provides in part:

The purchaser of an apartment (other than a purchaser at a foreclosure sale as described above in § 27-31-210(b)) shall be jointly and severally liable with the seller for the amounts owing by the latter under § 27-31-190 up to the time of the conveyance, without prejudice to the purchaser's right to recover from the other party the amounts paid by him as such joint debtor.

[3] Section 27-31-210(a) provides in part:

All sums assessed by the administrator[ ] or the board of administration[ ] ..., but unpaid, for the share of common expenses chargeable to any apartment shall constitute a lien on such apartment prior to all other liens except only ... (ii) mortgage and other liens, duly recorded, encumbering the apartment. Such lien may be foreclosed by suit by the administrator[] or the board of administration[ ] ... in like manner as a mortgage of real property.

31-210(b), that is, a foreclosure sale of a mortgagee of any mortgage of record. *See* 4 S.C. Juris. *Condominiums* § 27, at 223 (1991) ("[I]f an apartment is purchased at foreclosure [brought by the council of co-owners] by any bona fide lien holder, such purchaser shall not be liable for the payment of any assessments accruing after the recording of the lien and prior to the date of the foreclosure sale."). We therefore hold a purchaser of a condominium apartment at a foreclosure sale in an action brought to foreclose a lien for unpaid assessments is not jointly and severally liable for assessments arising prior to the purchaser's taking title at the foreclosure sale.

Affirmed.

LITTLEJOHN, Acting J., concurs.

GARDNER, J., dissents in a separate opinion.

GARDNER, Judge: (Dissenting.)

I respectfully dissent. This case involves a novel issue of serious importance in the law of horizontal regimes.

This appeal involves the foreclosure of a lien for regime fees created by S.C. Code Ann. section 27-31-190 (1991). The term "regime fee" is now common parlance for the assessment of expenses to maintain the common elements of a condominium.

M. Daniel Smith (Smith) owned a unit in Forest Beach Villas. Council of Co-Owners of Forest Beach Villas Horizontal Property Regime (the Council) sought foreclosure of its lien against the unit for unpaid regime fees. Arthur Leaman, et al. (hotel creditors), counterclaimed seeking enforcement of a prior recorded judgment lien. On motion of hotel creditors, the appealed order held, *inter alia*, that perforce of section 27-31-210(a), the prior recorded judgment lien held by hotel creditors was superior to the lien of the regime fees owned the Council.

The dispositive issue for decision is whether the trial judge erred in holding in the appealed order that a prior recorded judgment lien is superior to the lien for regime fees created by section 27-31-190.

Admittedly, the statutory law is in conflict. I would hold that considering all of the pertinent statutes of the Horizontal Property Act and other applicable authorities, it was the in-

tention of the legislature that regime fees be accorded the same priority as liens and charges for past due taxes on the apartment. This seems to me to be the clear intent of the General Assembly.

I concur with my brothers of the majority in their holding that separate statutes relating to the same subject matter must be construed together and effect given to each. In applying the principal of law sections 27-31-200, 27-31-210(a) and (b), 27-31-220 and 27-31-230 are all applicable. The inconsistency appears in comparing section 27-31-210(a) with section 27-31-210(b). But this inconsistency I think is clarified by the preceding statute, section 27-31-200. This statute addresses the priority of liens and provides:

> § 17-31-200. Unpaid assessments shall be paid from sale price.
>
> Upon the sale or conveyance of an apartment, all unpaid assessments against a co-owner for his pro rata share in the expenses to which § 27-31-190 refers shall first be paid out of the sales price or by the acquirer in preference over any other assessments or charges of whatever nature except the following:
>
> (a) Assessments, liens and charges for taxes past due and unpaid on the apartment; and
>
> (b) Payments due under the mortgage instruments or encumbrances duly recorded.

I construe the above statute as providing that regime fees are superior to all liens except assessments for taxes and mortgage encumbrances. The limitation of priority to these two liens is consistent with condominium law. *See* 15A Am. Jur. (2d) *Condominiums* § 37 (1976).

The construction I would apply is also consistent with the Uniform Condominium Act found at section 3-116, 7 U.L.A. 527 (1985). This section provides in pertinent part:

> § 36-116. [Lien for Assessments]
>
> \*   \*   \*   \*   \*   \*
>
> (b) A lien under this section is prior to all other liens and encumbrances on a unit except (i) liens and encumbrances recorded before the recordation of the declara-

tion,[1] (ii) a first mortgage or deed of trust on the unit recorded before the date on which the assessment sought to be enforced because delinquent, and (iii) liens for real estate taxes and other governmental assessments or charges against the unit.

South Carolina Code Ann. section 27-31-220 (1991) specifically addresses the liability of a purchaser of an apartment and provides:

§ 27-31-220. Liability of purchaser of apartment.

The purchaser of an apartment (other than a purchaser at a foreclosure sale as described above in § 27-31-210(b)) shall be jointly and severally liable with the seller for the amounts owing by the latter under § 27-31-190 up to the time of the conveyance, without prejudice to the purchaser's right to recover from the other party the amounts paid by him as such joint debtor. . . .

My brothers of the majority misconstrue the effect of the appealed order. They would hold that since this action was originally an action by the regime for the foreclosure of regime fees, that the purchaser at the foreclosure sale would not be liable for regime fees pursuant to section 27-31-220. This reasoning sidesteps the issue of whether the decision of the appealed order was erroneous insofar as it provided that the judgment lien, even though it predated the regime fees lien, was superior. I would hold that it was the intent of the General Assembly to provide that regime fees are superior to all liens except those for taxes and superior mortgages. This is the clear intent of sections 27-31-200, 27-31-210(b) and 27-31-220. All of these statutes clearly manifest the intent of the General Assembly that judgment liens will not be superior to the lien for regime fees established by sections 27-31-220.

Hotel creditors moved to foreclose the Council's lien for regime fees. The record does not reveal whether the regime opposed this motion because its intent was to thwart the priority of the Council's lien for regime fees. The report of sale,

---

[1] The declaration is an instrument filed with the clerk of court by the condominium setting forth the name of the condominium, etc. The meaning of this section would be, under the circumstance of this case, the same as if the clause identified as (i) were omitted.

which is of record, reflects that the purchase price at the judicial sale was only $16,000, resulting in a large deficiency judgment being awarded to the hotel creditors. The procedure is strange to say the least, but nevertheless it does not negate the principle issue of this decision; whether the regime fees constitute a lien superior to prior recorded judgment liens.