24023

COUNCIL OF CO-OWNERS OF FOREST BEACH VILLAS HORIZON-
TAL PROPERTY REGIME, Petitioner v. M. Daniel SMITH, a/k/a Dan
T. Smith and a/k/a Daniel Arthur Smith; Lifeco Services Corporation;
South Carolina Tax Commission; Arthur Leaman, d/b/a The Golden
Lemon; Amberly Limited, d/b/a The Copper and Lumber Store Hotel;
Antilles Management Company, d/b/a Point Pirouette Villa Hotels; Cane
Bay Corporation, d/b/a Cane Bay Plantation; John A. Silander, d/b/a The
Waves at Cane Bay; Ralph Locke Highland, Inc.; Vivian Pisciotta; Par-
tridge Place Associates; and The Internal Revenue Service; Sanwa Busi-
ness Credit Corporation; Wauconda National Bank and Trust Company;
and Deerfield Federal Savings and Loan Association, Respondents.

(442 S.E. (2d) 173)

Supreme Court

*J. Sidney Boone, Jr.* and *Karen C. Jackson,* both of *McNair & Sanford, P.A.,* Charleston, *for petitioner Council of Co-Owners of Forest Beach Villas Horizontal Property Regime.*

*Arlene D. Hand,* of the *Office of the Atty. Gen.,* Columbia, *for respondent S.C. Tax Com'n.*

*Julio E. Mendoza, Jr.,* of *Robinson, Mendoza, Barton & McCarthy,* Columbia, *for respondent M. Daniel Smith, etc.*

*Richard E. Miley* and *Ziva P. Bruckner,* both of *Nixon, Yow, Waller & Capers,* Augusta, GA, *for respondent Partridge Place Associates.*

*R. Bentz Kirby,* of *Turner, Padgett, Graham & Laney,* Columbia, *for respondent Sanwa Business Credit Corp.*

*Marvin J. Caughman, Asst. U.S. Atty.,* Columbia, *for respondent I.R.S.*

*Neal J. Quirk,* of *Quirk & Ashenden,* Atlanta, GA, *for respondents Wauconda Nat. Bank & Trust Co.,* and *Deerfield Fed. Sav. and Loan Assn.*

*Brian C. Pitts,* of *Bowen & Smoot,* Hilton Head, *for respondent Arthur Leaman.*

*William R. Reiss,* of *Lifeco Services, Corp.,* Houston, TX, *for respondent Lifeco Services Corp.*

March 7, 1994.

MOORE, Justice:

We granted a writ of certiorari to review the Court of Appeals' decision reported at — S.C. —, 428 S.E. (2d) 745 (1993). We reverse.

## FACTS

Petitioner (Regime) commenced this action against respondent Daniel Smith, an apartment owner, to foreclose on a lien for assessments, or regime fees. Petitioner impleaded the remaining respondents who are creditors of Smith, including the eight judgment creditors who are the primary respondents in this appeal (hereinafter "Judgment Creditors").

Judgment Creditors counterclaimed in Regime's foreclosure action and asserted the priority of their judgment lien. The master found Judgment Creditors had priority and rejected Regime's claim that the purchaser at the foreclosure sale would be jointly and severally liable with Smith for the accrued regime fees pursuant to S.C. Code Ann. § 27-31-220 (1991).

At the foreclosure sale, Richard Miley purchased the apartment for $16,000 and paid $1,710.69 in past-due property taxes. This left a deficiency of more than $122,000 due Judgment Creditors. Regime's inferior lien was extinguished without satisfaction.

Regime appealed the master's ruling that the purchaser at the foreclosure sale would not be liable for accrued regime fees under § 27-31-220. The Court of Appeals affirmed.

## ISSUE

Whether the purchaser at the foreclosure sale is exempted under § 27-31-210(b) from the liability for accrued regime fees imposed by § 27-31-220.

## DISCUSSION

Section 27-31-220 provides in pertinent part:

> The purchaser of an apartment (*other than a purchaser at a foreclosure sale as described above in § 27-31-210(b)*) shall be jointly and severally liable with the seller for the amounts owing by the latter [as regime fees] up to the time of the conveyance, without prejudice to the purchaser's right to recover from the other party the amounts paid by him as such joint debtor.

(Emphasis added.) The exception to this liability, as indicated by the underscored language, is found in S.C. Code Ann. § 27-31-210(b) (1991) which provides in pertinent part:

> (b) Where the mortgagee of *any mortgage of record* or other purchaser of an apartment obtains title at the *foreclosure sale of such a mortgage,* such acquirer of title, his successors and assigns, shall not be liable for the share of the common expenses or assessments by the co-owners chargeable to such apartment accruing after the date of recording such mortgage but prior to the acquisition of title to such apartment by such acquirer.

(Emphasis added.)

When read with § 27-31-220, the plain language of § 27-31-210(b) provides an exemption from purchaser liability for regime fees where the purchaser buys the property at the foreclosure sale of "any mortgage of record." Such a purchaser is not liable for regime fees incurred between the date the mortgage was recorded and the date of acquisition. In this case, the purchaser bought the property at the foreclosure sale of a lien for regime fees. Such a lien is not a mortgage nor is it recorded.[1] The purchaser in this case therefore is not exempted under § 27-31-210(b) from the liability for regime fees

---

[1] Section 27-31-210(a) provides all unpaid assessments shall constitute a lien on the apartment and sets forth the priority of such a lien. No recording is required. *See also* S.C. Code Ann. § 27-31-200 (1991).

imposed by § 27-31-220.

Despite the plain language of § 27-31-210(b), the Court of Appeals interpreted "any mortgage of record" to include a lien for regime fees. It is a basic rule of statutory construction that words must be given their plain and ordinary meaning without resort to a subtle or forced construction that limits or expands the statute's operation. *Adkins v. Varn,* — S.C. —, 439 S.E. (2d) 822 (1993); *Berkebile v. Outen,* — S.C. —, 426 S.E. (2d) 760 (1993). Accordingly, the Court of Appeals' decision is

Reversed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and WALTER J. BRISTOW, JR., Acting Associate Justice, concur.